JOHN CRAGG *v.* S. M. WESTMORE.

The plaintiff held a commission as Notary Public in the parish of Orleans, when, on the 12th of March, 1857, the Legislature passed an Act declaring the office of each and every Notary Public appointed previous to the passage of the Act, to be vacated. The same Act provided that the Governor should appoint for the parish of Orleans, not less than forty nor more than sixty Notaries. The Governor having appointed only forty-eight Notaries. *Held:* That by the terms of the Act of the Legislature, the plaintiff, whose commission expired before May, 1857, was *functus officio*, although no one had been specially appointed to take his records.

ON an application for a *mandamus* to the Judge of the Sixth District Court of New Orleans. *Whitaker & Fellows*, for appellant. *A. P. Dugué*, for appellees.

SPOFFORD, J. The plaintiff asks a *mandamus* upon the Register of Conveyances in New Orleans, to compel him to record an Act of sale purporting to have been passed before the plaintiff as a Notary Public, on the 15th December, 1857.

We agree with the District Judge in the opinion that said act was not authentic, for the reason that the plaintiff was not then a notary public. He was formerly in commission as a notary, but it is admitted that his commission expired before May, 1857. The Act of March 12th, 1857 (p. 84), " Relative to Notaries Public in and for the parish and city of New Orleans," provided that " from and after the 1st of May, 1857, the offices of each and every Notary Public, appointed previous to the passage of the present Act, shall be and they are hereby declared to be vacated," sec. 1.

The object of the Act was to reduce and limit the number of Notaries. The second section provided that the Governor should appoint not less than forty, nor more sixty Notaries for the parish of Orleans, who, besides the qualifications previously required, should give a bond in the sum of $5,000. The Governor has appointed forty-eight Notaries under this Act who have given bond. The plaintiff has not been appointed. By the terms of the Act he is *functus officio*. The Register cannot be compelled to record an act as a notarial act, which is not authenticated by an official signature. It matters not that no one had been specially appointed to take the plaintiff's records.

The plaintiff's whole demand is based upon the assumption that when he prayed for a *mandamus* he was still a Notary. If the parties in interest wish to have the act recorded as a private act, they can do so upon a proper showing. But the plaintiff, unless he has been aggrieved himself, cannot stand in judgment for them. If he was not a Notary Public, he has no grievance to complain of.

Judgment affirmed.

COLE, J., took no part in this case.